UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAYVON GRAY,<br><br>    *Plaintiff,*<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>    *Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Kayvon Gray ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Bronx, New York.

6. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

### Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff is a victim of a mixed file.[1]

9. Defendants Equifax and Experian both mixed Plaintiff's credit file with the file of Plaintiff's brother.

10. Due to its mixing of Plaintiff's credit file, Defendant Experian reported the information of Plaintiff's brother on Plaintiff's credit report. This information includes but is not limited to a hard inquiry with Birchwood Mortgage and a Wells Fargo credit card.

11. Because Equifax and Experian mixed Plaintiff's credit file with his brother's, both Defendants removed accurate information from Plaintiff's file and, upon information and belief, reported that information on the credit file of Plaintiff's brother.

12. Hereinafter, either reporting inaccurate information on Plaintiff's file, or removing accurate information from his file, is referred to as the "Mixed File Reporting."

13. Plaintiff disputed one or more items of Mixed File Reporting with each Defendant.

---

[1] A mixed file refers to a situation in which one or more consumer reporting agencies mix or merge the information of more than one consumer into a single consumer file.

14. By way of example, in March 2022 Plaintiff disputed the Mixed File Reporting to Experian, specifically citing a Wells Fargo account. Additionally, in July 2022 Plaintiff disputed the Mixed File Reporting to Equifax.

15. Upon information and belief, both Equifax and Experian failed to remove all Mixed File Reporting from Plaintiff's credit file pursuant to his disputes.

16. Equifax and Experian included the Mixed File Reporting in consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, (b) impugning Plaintiff's reputation and character, and (c) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

*Damages*

17. At all times pertinent hereto, the conduct of Equifax and Experian and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

18. In the alternative, the conduct of Equifax and Experian and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

19. Equifax and Experian, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties, and published Plaintiff's private information to entities to whom no Defendant had a permissible purpose under the FCRA to disclose that information.

20. Equifax's and Experian's publication of inaccurate information about Plaintiff caused

Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. Plaintiff's emotional distress has manifested itself through a variety of symptoms including stress, anxiety, and frustration.

    b. Plaintiff was defamed by Equifax and Experian, which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness and impugned Plaintiff's reputation. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Unlawful invasions of Plaintiff's privacy rights.

21. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

22. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[2]

**CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY EQUIFAX AND EXPERIAN**
**(CONSUMER REPORTING AGENCIES)**

*Violations of FCRA § 1681e(b)*

23. Equifax and Experian each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax and Experian did not follow reasonable procedures to assure maximum possible accuracy of

---

[2] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Mixed File Reporting.

*Violations of FCRA § 1681b*

24. Upon information and belief, Equifax and Experian violated FCRA § 1681b by publishing one or more consumer reports that included Plaintiff's data and personal information to entities without a permissible purpose that, in fact, requested information about a consumer other than Plaintiff but with whom Plaintiff's credit file was mixed.

*Violations of FCRA § 1681i*

25. Equifax and Experian each violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Mixed File Reporting after Plaintiff disputed its accuracy to determine whether the Mixed File Reporting was accurately reporting.

26. Equifax and Experian each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Mixed File Reporting.

27. Equifax and Experian each violated FCRA § 1681i(a)(5) by failing to promptly delete the Mixed File Reporting from their respective consumer files for Plaintiff despite the fact that Equifax and Experian, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Brett D. Sherman*
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874
